THE KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY v. THE BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *et al.*

NO. 78.

COURT OF APPEALS — *Jurisdictional Amount.* The court of appeals has no jurisdiction to review a judgment of the district court where the amount or value exceeds the sum of $2,000 exclusive of interest and costs.

MEMORANDUM. — Error from Johnson district court; JOHN T. BURRIS, judge. Action by The Kansas City, Fort Scott & Memphis Railroad Company against the Board of County Commissioners of Johnson county, Kansas, and others, to enjoin collection of alleged illegal taxes. Judgment for defendants. Plaintiff brings the case to this court. Certified to the supreme court. The opinion herein, filed February 14, 1896, states the facts.

*Wallace Pratt*, and *Chas. W. Blair*, for plaintiff in error.

*S. D. Scotts*, county attorney, for defendants in error.

The opinion of the court was delivered by

GILKESON, P. J. : In December, 1889, the plaintiff in error filed its petition for an injunction against the

defendants in error to restrain the collection of certain alleged illegal taxes, and a temporary order of injunction was granted by the judge of the district court at chambers.   On the 22d of April, 1890, the plaintiff filed an amended petition, upon which the case was finally tried, to which the defendant filed its answer.   The petition alleges, and the answer admits, that the taxes sought to be enjoined were levied under and pursuant to the act of the legislature of March 11, 1887, entitled "An act providing for the improvement of county roads," being chapter 214 of the Laws of 1887 ; that the total amount of taxes apportioned against the property of the plaintiff was $6,122.65, divided into five equal installments.

The case was submitted and tried upon an agreed statement of facts.   Paragraph 7 of this agreed statement of facts reads as follows :

"That a tax has been levied upon the plaintiff's property of $1,224.53 for the year 1889, to pay for these improvements, and a like tax for the same amount for the same purpose was levied against the plaintiff for the year 1890, and a tax for the same amount each year will be levied for the years 1891, 1892, and 1893, unless restrained by the injunctional order of this court."

The court below dissolved the temporary order, and refused an injunction.   To this ruling, decision and judgment the plaintiff duly excepted, and prosecuted its appeal to the supreme court.   All of these proceedings were had prior to the enactment of chapter 96 of the Laws of 1895, entitled "An act concerning appellate courts, defining their jurisdiction and proceedings therein."   Subsequently, said case was certified to this court for review.

The jurisdiction of the courts of appeal is defined in section 9 of said act, which, among other things,

provides : "And from all final orders and judgments of such courts, within their respective divisions, where the amount or value does not exceed $2,000 exclusive of interest and costs." Before this court will review a judgment of an inferior court it must appear that it has jurisdiction over the subject-matter thereof ; otherwise its judgment would be of no validity or binding force. The record in this case shows, we think, that the amount in controversy exceeds the jurisdiction and limit of this court, it being the amount due at the time of the trial, viz., the taxes for the years 1889 and 1890, amounting in the aggregate to the sum of $2,449.06. The case seems to have been tried in the district court upon the theory that the whole assessment of $6,112.65 was involved. If that were true it would unquestionably be beyond the limit of this court ; but, for the purpose of retaining jurisdiction if possible, we have selected the smallest possible amount claimed by the plaintiff in error, but even this would place it beyond the jurisdiction of this court. The case, therefore, is not properly here, and the record will be by the clerk returned to the supreme court with a copy of this opinion.

All the Judges concurring.